# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS D. CROCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-1180 |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH, *et al.,* | ) | Judge Cathy Bissoon |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, the Motion to Dismiss (**Doc. 23**) filed by the University of Pittsburgh of the Commonwealth of Pennsylvania ("University"), Brian Turack ("Officer Turack"), and John Doe's 1 through 5 (collectively, "Defendants"), will be GRANTED, in part, and DENIED, in part. Plaintiff's Motion to Strike (**Doc. 39**) will be DENIED.

## I. MEMORANDUM

Pending before the Court is the Motion to Dismiss filed by Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. (Doc. 23). Defendants seek dismissal of all claims asserted in the February 13, 2015 Amended Complaint (the "Complaint") filed by Thomas D. Crock ("Plaintiff"). Plaintiff's claims are asserted under 42 U.S.C. § 1983 and § 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and "PA State Constitution Article 1, sections' [*sic*] 1, 8, etc."[1] Compl. (Doc. 21). In addition, Plaintiff filed a Motion to Strike (Doc. 39) on April 23, 2015. He begs the Court strike any and all references made by Defendants in their Motion to Dismiss and supplemental

---

[1] This Court exercises subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

briefing to an unofficial, uncorrected transcript of the May 13, 2013 hearing in Pa. v. Crock, 106 A.3d 172 (Pa. Super. Ct. 2014). Pl.'s Mot.

The events forming the bases of Plaintiff's allegations took place on September 5, 2012, in the Oakland neighborhood of Pittsburgh, Pennsylvania. Compl. at ¶ 12. Plaintiff was driving on Fifth Avenue in a vehicle bearing an Ohio license plate. Id. at ¶¶ 14–15. A bus operated by the Port Authority of Allegheny County pulled away from its stop and into Plaintiff's lane without signaling. Id. at ¶ 15. Plaintiff swerved into another lane to avoid a collision. Id. at ¶ 16. Plaintiff then returned to his lane, but in front of the bus. Id. Officer Turack, a University policeman, then signaled Plaintiff to pull to the side of the road. Id. at ¶ 18. Plaintiff and the bus both stopped. Id. at ¶ 19. After briefly conferring with the bus driver, Officer Turack allowed the bus to leave, and confronted Plaintiff. Id. at ¶¶ 20–22.

Officer Turack ordered Plaintiff to exit his vehicle, at which point Plaintiff was frisked. Id. at ¶ 23. Approximately six University police officers were present at the scene by this time. Id. at ¶ 25. Plaintiff was eventually asked to present his driver's license, and Officer Turack noted that it had been suspended. Id. at ¶¶ 26–27. Plaintiff then presented a letter from the Pennsylvania Department of Transportation indicating that his license had been reinstated, as well as a valid license from Ontario. Id. at ¶¶ 28–29. Plaintiff was subsequently ordered to sit on the curb. Id. at ¶¶ 32. After some time had passed, Plaintiff stood up from the curb, but was promptly "tackled" by several University police after Officer Turack directed Plaintiff to return to the curb. Id. at ¶ 38. Officer Turack then issued five citations to Plaintiff, and conducted a search of Plaintiff's vehicle without his permission, prior to having it towed. Id. at ¶¶ 36–37, 39.

Plaintiff was cited for alleged violations of the state driving code, including: 1) failure to use turn signals; 2) careless driving; 3) driving with a suspended/revoked license; 4) displaying a

foreign license; and 5) disorderly conduct. Id. at ¶ 36 n. 4. A trial was conducted in the Court of Common Pleas of Allegheny County, and Plaintiff was found guilty of driving with a suspended/revoked license and displaying a foreign license. The Superior Court of Pennsylvania affirmed the decision. Plaintiff thereafter filed a Complaint (Doc. 2) in this Court on September 4, 2014. His Amended Complaint followed on February 13, 2015. Plaintiff claims that Officer Turack is liable for unreasonable use of force unlawful arrest and malicious prosecution, and the University is liable for inadequate training, supervision and discipline of police officers. Compl. at 24–30. Defendants contend that Plaintiff's Amended Complaint should be dismissed pursuant to the doctrines enunciated in Heck v. Humphrey, 512 U.S. 477 (1994), and Monell v. Dept. of Soc. Serv. of N.Y.C., 436 U.S. 658 (1978), as well as the principles of *res judicata*, and collateral estoppel.

      The Court begins with Plaintiff's claims against Officer Turack. The Court of Appeals for the Third Circuit has held that warrantless arrests may be justified when it can be shown that there existed probable cause to believe a crime had been or was being committed. Wright v. Phila., 409 F.3d 595, 601 (3d Cir. 2005) (citing Devenpeck v. Alford, 543 U.S. 146 (2004)). In order to establish a claim of false arrest, Plaintiff must demonstrate that he was detained, and that his detention was unlawful. Marable v. West Pottsgrove Twp., 176 F.App'x 275, 280 (3d Cir. 2006). Officer Turack clearly detained Plaintiff. As to the unlawfulness of Plaintiff's detention, the Court need only determine whether there was probable cause to detain Plaintiff for *any* offense that could have been charged under the circumstances. Wright, 409 F.3d at 602 (citing Barna, 42 F.2d at 819). In this regard, it matters not with what Plaintiff was eventually charged, or whether he was acquitted, only whether probable cause existed for the detention. Id. The Court need look no further than the proceedings before the Superior Court of Pennsylvania in Pa.

v. Crock, 106 A.3d 172 (Pa. Super. Ct. 2014), to resolve the issue. (Doc. 23-1). The Superior Court held, among other things, that probable cause existed for Officer Turack to pull over Plaintiff's car. Id. at 11. As such, issue preclusion—*i.e.* collateral estoppel—prohibits Plaintiff from re-litigating the existence of probable cause in the present proceeding. James v. Heritage Valley Fed. Credit Union, 197 F.App'x 102, 105 (3d Cir. 2006) (citing Szehinskyj v. Att'y Gen., 432 F.3d 253, 255 (3d Cir. 2005)). Plaintiff's claim for false arrest must, therefore, be dismissed for failure to meet the required elements.[2]

As to Plaintiff's claim for excessive or unreasonable use of force, the test of reasonableness is whether, "under the totality of the circumstances, 'the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations.'" Estate of Smith v. Marasco, 318 F.3d 497, 515 (3d Cir. 2003) (quoting Graham, 490 U.S. at 397). It is undisputed that Plaintiff stood up at some point after Officer Turack ordered him to sit on the curb during his detention. However, Plaintiff states that almost immediately after Officer Turack instructed him to sit back down, Plaintiff was tackled to the ground. Under the circumstances pled in the Complaint, the truth of which this Court is required to assume, Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 231 (3d Cir. 2008), Plaintiff demonstrated no signs of resistance and was given no opportunity to comply with Officer Turack's order prior to being tackled. If true, a jury could find that the tackling of

---

[2] Plaintiff's state law claim for false arrest will be similarly defeated. Pennsylvania follows the same standard as the federal courts regarding probable cause. Pa. v. Evans, 685 A.2d 535, 537 n.2 (Pa. 1996) (citing Pa. v. Weidenmoyer, 539 A.2d 1291 (Pa. 1988); Pa. v. Gray, 503 A.2d 921 (Pa. 1985)). A claim for false arrest in Pennsylvania requires that a plaintiff was not only detained, but was *unlawfully* detained. Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010) (citing Renk v. Pittsburgh, 641 A.2d 289, 293 (Pa. 1994)). "An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not." Id. (citing Fagan v. Pittsburgh Terminal Coal Corp., 149 A. 159 (1930). As with his § 1983 claim, Plaintiff's state claim for false arrest fails because his detention was not unlawful – probable cause existed to stop Plaintiff's vehicle.

Plaintiff in this context was not reasonable, and Plaintiff's excessive or unreasonable force claim cannot, therefore, be dismissed.

To the extent Defendants assert that this particular of Plaintiff's claims is precluded by *res judicata*, collateral estoppel or Heck, this Court is compelled to disagree. The decision of the Superior Court of Pennsylvania did not address the appropriateness of Officer Turack's use of force during Plaintiff's detention. Additionally, there is nothing to suggest that if this Court were to find that Officer Turack used excessive or unreasonable force, it would call into doubt the validity of Plaintiff's convictions. Flood v. Schaefer, 240 F.App'x 474, 476 (3d Cir. 2007) (citing Nelson v. Jashurek, 109 F.3d 142, 145–46 (3d Cir. 1997)). The excessive or unreasonable use of force claim will stand.

However, Plaintiff's claim of malicious prosecution cannot survive Defendants' Motion to Dismiss. To establish malicious prosecution, Plaintiff must show: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007) (citing Marasco, 318 F.3d at 521). As with his false arrest claim, collateral estoppel precludes Plaintiff's claim of malicious prosecution.

The Court of Appeals for the Third Circuit has held that when a claimant has been charged for multiple offenses, the existence of probable cause for at least one charged offense will bar the claimant from proceeding with a malicious prosecution claim with respect to other charges. Kossler v. Crisanti, 564 F.3d 181, 194 (3d Cir. 2009) (citing Wright, 564 F.3d at 604). As previously discussed, the Superior Court of Pennsylvania found that Officer Turack had

probable cause to detain Plaintiff for suspected violation of the state motor vehicle code. It was also determined that the evidence gleaned from this detention was "sufficient to prove beyond a reasonable doubt that Crock had actual notice of [his] license suspension." (Doc. 23-2 at 10). Due to these findings, collateral estoppel precludes Plaintiff from arguing against the existence of probable cause for at least one of his charged offenses; therefore, his malicious prosecution claim must be dismissed.[3]

Plaintiff's last claim against Officer Turack is that of intentional infliction of emotional distress ("IIED"). Such a claim requires a showing that Officer Turack's conduct was "(1) extreme and outrageous, (2) intentional or reckless, and (3) caused severe emotional distress." Bryan v. Erie Cnty. Office of Children & Youth, 861 F.Supp.2d 553, 585 (W.D. Pa. 2012). While the Supreme Court of Pennsylvania has yet to formally recognize such a cause of action, it has stated that the conduct required for a finding of liability would need to be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Id. (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)). The tort is to be narrowly construed in Pennsylvania. Id. at 586 (citing Shaffer v. Nat'l Can Corp., 565 F.Supp. 909, 914 (E.D. Pa. 1983)).

Defendants argue that Plaintiff's Complaint fails to allege anything so severe. As stated by Plaintiff in his Complaint, the stop was made without reasonable suspicion or probable cause, and involved unjustifiably hostile and harassing behavior by Officer Turack. Compl. at ¶ 76.

---

[3] For the same reasons that Plaintiff's § 1983 claim for malicious prosecution fails, his state law claim for malicious prosecution must also fail. In Pennsylvania, malicious prosecution requires a showing that proceedings were instituted against a plaintiff by a defendant without probable cause, and with malice, and that those proceedings terminated in favor of the plaintiff. Manley, 997 A.2d at 1241 (citing Turano v. Hunt, 632 A.2d 822, 824 (Pa. Commw. Ct. 1993)).

6

While such allegations are significant, even when viewed in the light most favorable to Plaintiff, these facts are not of the type contemplated by Pennsylvania courts as sufficient to meet the intentional infliction of emotional distress standard. See Papieves v. Lawrence, 263 A.2d 118 (Pa. 1970) (finding facts sufficient to establish IIED claim where a defendant struck and killed plaintiffs' son with his automobile, failed to render aid or notify authorities, and buried the body in a field where it was discovered two months later and returned to plaintiffs); Banyas v. Lower Bucks Hosp., 437 A.2d 1236 (Pa. Super. Ct. 1981) (finding facts sufficient to establish IIED claim where defendant intentionally fabricated records, suggesting plaintiff killed a third party, resulting in indictment of plaintiff for homicide). As such, Plaintiff's claim for intentional infliction of emotional distress must be dismissed, without prejudice.[4]

As to liability on the part of the University for the conduct of Officer Turack, it has been held that the University is a municipal subdivision for the purposes of § 1983. Molthan v. Temple Univ. of Commw. Sys. of Higher Educ., 778 F.2d 955, 960–61 (3d Cir. 1985) (citing Krynicky v. Univ. of Pittsburgh, 742 F.2d 94 (3d Cir. 1984)). A municipality cannot be held vicariously liable under § 1983. Bryan, 861 F.Supp.2d at 585 (citing Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996)). It can, however, be found liable when injury resulted from adopted policy or custom. Id.

Plaintiff claims that Officer Turack's conduct was the direct result of the University's failure to adequately train, supervise and discipline its police officers. In order to bring such a claim, Plaintiff must demonstrate that the University's failure to train and supervise its police

---

[4] While it is doubtful that Plaintiff will be able to assert additional facts sufficient to sustain an IIED claim, a Court shall afford the opportunity to amend unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Providing Plaintiff with an opportunity to amend would not be inequitable or futile, and thus he may file an amended complaint, consistent with the Order *infra*, that conforms with Federal Rule 8(a) and Iqbal/Twombly.

7

officers amounts to "'deliberate indifference to the constitutional rights of persons with whom the police come in contact.'" Lasko v. Leechburg Police Dept., 63 F.Supp.3d 522, 528 (W.D. Pa. 2014) (quoting Doe v. Luzerne Cnty., 660 F.3d 169, 179–80 (3d Cir. 2011)). It must be a deliberate and conscious choice by the University. Id.

Plaintiff may establish that the University made a deliberate and conscious choice by showing "'(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.'" Id. (quoting Carter v. Phila., 181 F.3d 339, 357 (3d Cir. 1999)). Further, "'the identified deficiency in a . . . training program must be closely related to the ultimate injury.'" Id. (quoting Canton v. Harris, 489 U.S. 378, 391 (1989)). The Court finds that Plaintiff has adequately pled a claim according to the above elements. Dismissing Plaintiff's claim because he cannot point to a specific failure in police training or supervision that led to the events currently at issue, without the benefit of discovery, would be inappropriate. See Carter, 181 F.3d at 357–58. The claim against the University for failure to train, supervise and discipline will not, therefore, be dismissed.

As to Defendants' contention that the John Doe Defendants should be dismissed, the Court of Appeals for the Third Circuit has held that the use of John Doe defendants is allowable "until reasonable discovery permits the true defendants to be identified." Blakeslee v. Clinton Cnty., 336 F.App'x 248, 250 (3d Cir. 2009) (citing Klinger v. Yamaha Motor Corp., U.S.A., 738 F.Supp. 898, 910 (E.D. Pa. 1990)). Additionally, amendments replacing "John Doe" with a party's real name are permissible as long as the elements of Rule 15(c) of the Federal Rules of Civil Procedure are met. Trautman v. Lagalski, 28 F.Supp.2d 327, 330 (W.D. Pa. 1998).

8

Notwithstanding Pennsylvania's laws regarding statutes of limitations, "federal law governs whether an amendment to a complaint relates back to the date of the original complaint." Id. at 329. "The effect of the relation-back rule is that it 'ameliorates the effect of statutes of limitations.'" Id. (quoting Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995)). Defendants have not addressed why relation-back under Rule 15(c) would be inapplicable, here. As such, the Court will not dismiss the John Doe Defendants at this juncture.

Finally, Plaintiff moves that the Court strike any and all references made by Defendants in their Motion to Dismiss and supplemental briefing to an unofficial, uncorrected transcript of the May 13, 2013 hearing in Pa. v. Crock. Pl.'s Mot. Plaintiff fails to identify how the relevant portions of the transcript cited in Defendants' briefing differed from the corrected transcript. Therefore, the Motion to Strike will be denied.

## II. ORDER

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (**Doc. 23**) is **GRANTED**, in part, and **DENIED**, in part.

IT IS FURTHER ORDERED that the claims of false arrest and malicious prosecution contained in Plaintiff's Amended Complaint (**Doc. 21**) are **DISMISSED**, with prejudice, and the claim for intentional infliction of emotional distress is **DISMISSED**, without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (**Doc. 39**), is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff is granted leave until **September 23, 2015**, to amend his claim of intentional infliction of emotional distress in accordance with the foregoing Opinion. If no amendment is filed by September 23, 2015, Plaintiff's intentional infliction of emotional distress claim will be dismissed with prejudice.

9

September 3, 2015

    s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All counsel of record.

cc (via First-Class U.S. Mail):

Thomas D. Crock
P.O. Box 16394
Pittsburgh, PA 15242